UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEREMY M. BERES,                                                    05-CV-0523E(Sr)

                                   Plaintiff,

       -vs-                                                          MEMORANDUM

NEW BUFFALO CORPORATION and                                              and
HUANG BUFFALO CO., LTD.,
                                                                     ORDER[1]
                                  Defendants.

---

## <u>INTRODUCTION</u>

Plaintiff commenced this personal injury action against Defendants New Buffalo Corporation ("New Buffalo") and Huang Buffalo Co., Ltd., in New York State Supreme Court, Erie County, on November 18, 2004.  On July 26, 2005 New Buffalo removed the action to this Court on the basis of the Court's diversity jurisdiction.[2]  On August 16, 2005 Plaintiff filed the instant motion to remand pursuant to 28 U.S.C. §1447 arguing that New Buffalo's removal of the action was untimely and that judicial economy dictates that the matter be remanded to state court for consolidation with a related action.

---

[1] This decision may be cited in whole or in any part.

[2] Only New Buffalo filed the removal petition.  Huang Buffalo Co. Ltd., is alleged to be a Taiwanese corporation.  Huang Buffalo has not filed an appearance in this action, and thus it is impossible to ascertain whether Huang Buffalo was properly served.

## **BACKGROUND**

On December 31, 2001 Plaintiff was injured when a bungee cord he was using unexpectedly released and struck him in the right eye.  On February 13, 2003 Plaintiff commenced an action in New York State Supreme Court, Erie County, for personal injury against Hector's Hardware, LLC and VHG Tools, Inc., the alleged retailer and manufacturer of the bungee cord ("the Hector's litigation").  Plaintiff thereafter amended that complaint on July 7, 2004 to add defendants Buffalo Tool Corp., Hector's Wholesale Distributor's Inc., and 5355 Transit Inc., as an alleged manufacturer and distributors, respectively.  The original complaint in that action sought damages of approximately $800,000, whereas the amended complaint did not specify an amount of damages sought.[3] Instead of adding them as defendants in the Hector's litigation, on November 18, 2004, Plaintiff filed a separate action in state court against New Buffalo and Huang Buffalo Co. Ltd., alleging that they manufactured the bungee cord by which Plaintiff was injured on December 31, 2001.  The Complaint is silent as to the amount of damages claimed.

---

[3] Effective November 27, 2003 New York Civil Practice Law and Rules ("CPLR") §3017 was amended to provide that in cases alleging personal injury the complaint shall not state the particular amount of damages sought.  Section 3017(c) provides that a defendant may request that Plaintiff provde a  supplemental demand to which plaintiff must reply within 15 days and state the amount of damages sought in the action.

On February 16, 2005 New Buffalo filed an Answer to the Complaint and requested, pursuant to CPLR §3017(c), that plaintiff provide a supplemental demand for damages.  In April 2005, during discovery in state court, Plaintiff provided New Buffalo with copies of Plaintiff's medical records but did not supply a supplemental demand as requested.  On June 2, 2005 New Buffalo sent a follow up letter to Plaintiff requesting a supplemental demand.  After Plaintiff failed to respond to the June 2 letter, New Buffalo sent a second letter on July 7, 2005 requesting the supplemental demand.  In a letter dated July 8, 2005 and received by New Buffalo on July 11, 2005, Plaintiff provided the supplemental demand, claiming an amount of damages in excess of $75,000.  New Buffalo removed the action to this Court on July 26, 2005.

On August 16, 2005 Plaintiff filed the instant motion to remand arguing that the removal was untimely as it took place more than 30 days after the state court action was commenced and that judicial economy dictates that the case be remanded so that Plaintiff may consolidate this case with the Hector's litigation.

## DISCUSSION

Removal statutes are narrowly construed with doubts resolved against removal.  *Somlyo* v. *J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). Whether an action is removable based on diversity jurisdiction is determined upon the pleadings as originally filed.  *Crucible Materials Corp.* v. *Coltec Indus.,*

*Inc.*, 986 F. Supp. 130, 131-32 (N.D.N.Y. 1997).   A case is removable when the initial pleading "enables the defendant to intelligently ascertain removability from the face of such pleading *** ." *Whitaker* v. *American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (citations omitted).   "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." *Ibid.*   It is the removing party's burden to demonstrate the existence of federal jurisdiction.  *Mehlenbacher* v. *Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (citations omitted).   If such removal is based on diversity jurisdiction, the defendant must show "to a reasonable probability" that the amount in controversy exceeds the threshold amount.  *Ibid.* (citations omitted).

Section 1446(b) of Title 28 of the United States Code provides:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such claim or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction

conferred by section 1332 of this title more than 1 year after commencement of the action."

28 U.S.C. §1446(b) (emphasis added). "An 'order' or 'other paper' within the meaning of the statute must contain a monetary amount or allow a specific amount to be ascertained." *Ins. Co. of the State of Pennsylvania* v. *Waterfield*, 371 F. Supp.2d 146, 150 (D. Conn. 2005).

In the instant case, Plaintiff argues that the medical records provided to New Buffalo in April 2005 contained sufficient information to allow New Buffalo to ascertain "with reasonable probability" that the amount in controversy exceeds $75,000. As discussed, a defendant is required to utilize "a reasonable amount of intelligence" in order to ascertain removability, but the Court has found no authority — and Plaintiff has provided none — demonstrating that such a standard requires a defendant to analyze medical records in order to ascertain such removability. There are cases holding that the defendant established the amount in controversy through reference to materials obtained in discovery. *See e.g.*, *United Food & Commercial Workers Union, Local 919* v. *Centermark Properties Meriden Square, Inc.*, 30 F.3d 294, 305 (2d Cir. 1994) (stating, in the context of determining whether defendant sustained its burden of showing amount in controversy exceeded jurisdictional threshold, that where the pleadings are inconclusive as to the amount in controversy, federal courts may look outside the pleadings to other evidence in the record); *James* v. *Gardner*,

2004 WL 2624004, at *4 (E.D.N.Y. 2004); *Viens* v. *Wal-Mart Stores, Inc.*, 1997 WL 114763, at *2-*3 (E.D.N.Y. 1997).  In such cases, however, the defendants offered such records as affirmative evidence of the amount in controversy.  This Court has not found a case *requiring* a defendant to decipher medical records in order to ascertain removability.  Because the first paper from which removability could be ascertained was the Plaintiff's response to New Buffalo's request for a supplemental demand, the Court concludes that this matter was timely removed pursuant to 28 U.S.C. §1446(b).

Plaintiff also contends that this case should be remanded to New York State Supreme Court so that it can be consolidated with the related Hector's litigation. The Court has found no authority — and again Plaintiff has failed to supply any — in which an otherwise timely removed action was remanded solely for reasons of judicial economy.

Furthermore, Plaintiff's claim of judicial economy rings hollow in light of his choice to commence separate litigation against a diverse party rather than simply join it to the Hector's litigation.  As noted earlier, Plaintiff commenced the Hector's litigation in 2003.  In July 2004 Plaintiff amended his complaint to add three new defendants.  A mere four months later, rather than join New Buffalo to the Hector's litigation by means of a second amended complaint, Plaintiff chose to commence a separate suit which, the Court presumes, he intended to

consolidate with the first.  Although consolidation by stipulation was discussed

while the action was pending in state court and despite the state court's clear

inclination to consolidate, Plaintiff chose not to file a motion to consolidate despite

also responding to Defendant's CPLR 3017(c) request in an amount that exceeds

this Court's diversity jurisdiction threshold.  The Court will not remand this action

simply for Plaintiff's convenience.[4]  The motion to remand will be denied.

## <u>CONCLUSION</u>

For the above reasons, it is **ORDERED** that Plaintiff's motion to remand the

action to New York State Supreme Court is denied.

DATED:        Buffalo, N.Y.

February 14, 2006

_____
/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.

---

[4] In his reply affidavit, Plaintiff's counsel states that the defendants in the Hector's litigation have advised that, if this Court does not remand this action, the Hector's defendants will commence a third-party action against New Buffalo in the Hector's litigation, resulting in New Buffalo and Plaintiff litigating the same claims in both cases.  The Court is not swayed by such statements.  It bears repeating that this set of circumstances arises solely from the choices Plaintiff made in the course of litigating these cases.